UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CR-081 AGF/PLC |
| ) | |
| KEVIN SCOTT FOSTER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court following a hearing[1] on Defendant's Motion to Sever Counts I and II of the Indictment [ECF No. 23] pursuant to Rule 14, Federal Rules of Criminal Procedure. Defendant concedes that joinder of Counts I and II is proper under Rule 8(a) of the Federal Rules of Criminal Procedure.[2] Defendant nevertheless contends that he will be "unfairly prejudiced" if Counts I and II are not severed. The Government argues that evidence pertaining to Count I is admissible with respect to Count II whether the Court conducts separate trials or a joint trial. Accordingly, the Government argues, Defendant is not prejudiced by a joint trial.

### Factual Background

In February 2017, Defendant was arrested after the truck he was driving was reported leaving the scene of an accident. At the time of his arrest, Defendant's truck had broken glass and bullet holes. A search of Defendant's vehicle resulted in seizure of a firearm. In August 2017, Defendant presented himself at Centerpointe Hospital and asked to be admitted.

---

[1] At the hearing, both parties relied solely on argument and introduced no testimony or other evidentiary material.

[2] In his motion, Defendant quotes Federal Rule of Criminal Procedure 8(a) regarding the joinder of offenses but does not argue the two felon-in-possession charges are improperly joined in the indictment. During oral argument, Defendant's counsel stated he was not arguing the counts were improperly joined. Therefore, the Court declines to further discuss the requirements for proper joinder.

Defendant was intoxicated and belligerent. Hospital staff observed that Defendant had a firearm. Staff called police who arrested Defendant and seized his firearm. Subsequently, the Government charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) for possessing the firearms seized in February 2017 (Count I) and August 2017 (Count II).

## DISCUSSION

When joinder of offenses in an indictment "appears to prejudice a defendant or the government, [a] court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a)(1). The Eighth Circuit cautions that "there is a strong presumption against severing properly joined counts." United States v. McCarther, 596 F.3d 438, 442 (8th Cir. 2010). A district court abuses its discretion in resolving a motion to sever counts when the court's decision results in severe or clear prejudice. United States v. Colbert, 828 F.3d 718, 728 (8th Cir. 2016). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal." United States v. Robinson, 781 F3d 453, 461 (8th Cir. 2015) (addressing severance of counts) (internal quotation marks omitted) (quoting United States v. Garrett, 648 F.3d 618, 625-26 (8th Cir. 2011)). The defendant has the burden to establish the requisite prejudice.[3] Id. (internal quotation marks omitted) (quoting Garrett at 626). A defendant does not establish prejudice if "evidence of the joined offense would be properly admissible in a separate trial for the other crime." Colbert, 828 F.3d at 728 (internal quotation marks omitted) (quoting Robinson, 781 F.3d at 461); see also McCarther, 596 F.3d at 443 ("No prejudice results from the refusal to sever [counts] when evidence of one charge would be admissible in a separate trial on the other").

---

[3] During argument, Defendant acknowledged he has a high burden to establish the prejudice needed to support severance of the counts.

Defendant contends that severance of Count I and Count II is appropriate because Defendant "will be prejudiced." As proof of prejudice, Defendant contends that the jury "might use evidence in relation to the circumstances surrounding [his] arrest in Count I to infer guilt on Count II." Defendant further argues that the jury will be unable to "separate the circumstances" because both counts "involve allegations that [Defendant] was intoxicated."

Defendant cites one case in support of his motion, United States v. Midkiff, 614 F.3d 431 (8th Cir. 2010). Midkiff stands for the proposition, among others, that a "defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime." Id. at 440 (internal quotation marks omitted) (quoting United States v. Boyd, 180 F.3d 967, 981-82 (8th Cir. 1999)).

The Government contends that evidence related to Count I is admissible in a trial of Count II, and vice versa, under Federal Rule of Evidence 404(b).[4] In support of this proposition, the Government relies on Garrett, supra. In Garrett, the Eighth Circuit rejected the defendant's argument that the district court erred in failing to sever two counts alleging felon in possession of a firearm. Id. at 625-26. As in this case, the firearms were seized months apart. Id. at 621 (one seizure occurred in August 2008, and another occurred in September 17, 2009). In determining that the defendant failed to establish prejudice sufficient to support severance, the court stated:

> Garrett has not shown prejudice. We presume Garrett is claiming he was prejudiced by the jury using evidence from one of the counts when deliberating on the other count, or that the jury may have cumulated the evidence. But

---

[4] Federal Rule of Evidence 404(b) does not allow admission of a defendant's other crimes, wrongs, or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b) does, however, provide for the admission of such evidence "for another purpose, such as proving . . . knowledge . . . or absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Eighth Circuit has acknowledged that "[t]he terms of Rule 404(b) draw no distinction between prior and subsequent acts that would support different analyses . . . , nor have we applied different analyses to evaluate the admission of prior and subsequent acts." United States v. Thomas, 593 F.3d 752, 759 (8th Cir. 2010) (citations omitted) (upholding the admission in a trial for 2004 drug trafficking offenses of evidence of the defendant's 2008 drug trafficking). Defendant does not challenge the Government's contention that a charged offense would be admissible under Rule 404(b) in a separate trial of the other charged offense.

3

>     prejudice does not result if evidence of one charge would have been admissible in the trial of the other. Here, evidence that Garrett unlawfully possessed a firearm on one occasion was admissible to prove he knowingly possessed a firearm on another occasion.

Id. at 626 (citations omitted). Defendant has not distinguished his case from Garrett.

As in Garrett, Defendant here fails to meet the heavy burden to demonstrate that severance is warranted. More specifically, Defendant has not established that he will be prejudiced if the Court tries Counts I and II together.

After careful consideration,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Sever Counts I and II of the Indictment [ECF No. 23] be **DENIED**.

**The parties are advised that they have fourteen (14) days after service of this Report and Recommendation in which to file written objections to it**, unless an extension of time for good cause is obtained. Failure to file timely objections may result in a waiver of the right to review. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.

This matter is set for trial before the Honorable Audrey G. Fleissig, United States District Judge, on **August 19, 2019** at **9:00 a.m.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of June, 2019